■    SAMUEL LESSER, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent.   (Claim No. 41656.) — Judgment unanimously reversed on the law and facts, without costs, and claim dismissed, without costs.   Findings of fact disapproved and reversed and new findings made.   Memorandum: Claimant asserts as a basis for recovery of damages and forfeiture against the State that the Commissioner of Corrections, Chairman of the New York State Board of Parole and the Warden of Attica State Prison and their agents, wantonly, willfully and arbitrarily committed, detained and imprisoned the claimant for a period of 3 years, 8 months and 7 days without legal authority and in direct contravention of section 1269 of the Civil Practice Act.   It is clear that the prison authorities at Attica State Prison were in error in charging to the claimant 3 years, 8 months and 7 days, later changed to one year, 8 months and 16 days, as time owed on a previous sentence because that sentence had been set aside and on resentencing he had been sentenced to time already served. The proof established that on June 11, 1932, the claimant was committed to Sing Sing following a conviction for kidnapping under a valid commitment of the court and was detained there under a lawful sentence of 50 years.   While he was advised by the prison authorities six years later that he had been charged with time owed on a previous sentence his release on parole was at the earliest date possible and was not delayed in any way by the computation by the authorities of time owed.   He is presently on parole in accordance with the 50-year sentence of June 11, 1932, and that parole will not expire until January 21, 1982.   The period of parole at least until January 21, 1982 is not affected in any way by any charge of time owed.   The two essential elements of the claim asserted here which are required of proof are that there was an erroneous computation of prison time charged to the claimant and that there was in consequence of such computation a detention and imprisonment by the State without lawful authority.   While the first element is conceded by the State the proof provides no basis for a finding that there was any unlawful detention or imprisonment or any restriction of unlawful parole imposed as a consequence of an erroneous computation of time by the prison authorities.   At most at this time the claimant faces the possibility that on the date of the lawful expiration of his parole January 21, 1982, the State of New York will seek to impose on him the restrictions of an unlawful extension of parole.   We cannot now speculate as to what the State may do or presume that the State will at some future time act unlawfully.   If it does the claimant may seek an appropriate remedy at that time.   (Appeal from judgment of Court of Claims, for claimant on a claim for false imprisonment; also appeal by claimant from same judgment on the ground of inadequacy.)   Present — Williams, P. J., Goldman, Del Vecchio and Marsh, JJ.